UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
EITZEN BULK A/S,

                    Plaintiff,

-against-

ASHAPURA MINECHEM LTD.,

                    Defendant.
------------------------------------------------------------------ x

**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT**

08 Civ. 8319 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

      On October 3, 2008, I issued an amended ex parte order of maritime attachment of Defendant's property in the amount of $27,751,846.00. On April 24, 2009, Plaintiff sought leave to file a Second Amended Complaint that would add many alleged alter ego defendants and allow attachment of $42,484,590.01. I denied leave to file the Second Amended Complaint, noting that Plaintiff's alter ego allegations lacked specific facts tending to show actual corporate domination and control, and that the increase in the amount of attachment was unexplained.

      By letter dated May 5, 2009, Plaintiff renews its request to file a Second Amended Complaint. Plaintiff argues that it has stated a valid prima facie claim against all the proposed alter ego defendants, as required by Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 438 (2d Cir. 2006), and that it need not, at this stage, make the "showing of at least some specific facts demonstrating the type of corporate domination and control sufficient to pierce the corporate veil" which courts have required in response to a motion to vacate, as in Brave Bulk Transp. Ltd. v. Spot On Shipping Ltd., No. 07 Civ. 4546 (CM), 2007 U.S. Dist. LEXIS 69751, at *3 (S.D.N.Y. Sept. 17, 2007). Alternatively, Plaintiff argues that it has, in fact, made such a showing of specific facts, having submitted with its letter the website of the "Ashapura Group of Companies," as well as annual reports which state that Defendant Ashapura Minechem Ltd. is the "flagship company" of the Ashapura Group of Companies, and that it

1

owns, in full or in part, various subsidiaries within that group which Plaintiff seeks to add as defendants. Finally, Plaintiff explains the increase sought in the amount of attachment, and revises its request downward to $39,308,936.16.

I grant leave to file the proposed Second Amended Complaint. To obtain a maritime attachment against the property of a certain defendant, a plaintiff must show that "it has a valid prima facie admiralty claim against the defendant." Aqua Stoli, 460 F.3d at 445. To make this prima facie showing against an alleged alter ego defendant, a plaintiff may not merely claim that the legal standards for alter ego liability are met, but must allege some facts tending to show an actual alter ego relationship. Here, although the proposed alter ego defendants were not parties to the contract of affreightment on which Plaintiff bases its claim, Plaintiff has shown that they are members of a network of corporate entities under common control and operated for a common purpose. The website for the "Ashapura Group of Companies" lists one set of management for all the proposed defendants, and one set of email addresses, each with the same suffix, "@ashapura.com." The website describes the group of companies as a single "solutions provider" and "global player," and on occasion refers to the group simply as "the Company," which tends to show that the companies are not treated as "independent profit centers." See MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC, 268 F.3d 58, 63 (2d Cir. 2001). This overlap in personnel, the common email addresses, the overlapping ownership shown by the annual reports, and the largely unified presentation of the companies constitute facts tending to show alter ego relationships. See id.

I accept Plaintiff's explanation of the new amount of the attachment. Accordingly, by separate order, I issue a second amended order of maritime attachment.

SO ORDERED.

Dated:  May 15, 2009
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2